# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

RECEIVED BY
UNION CORRECTIONAL INSTITUTION
SEP 11 2018
FOR MAILING

JAMES KING, #698823,
    Plaintiff,

v.

CASE NO: 5: 18-cv-450-OC-10-PRL

CENTURION OF FLORIDA, LLC
FLORIDA DEPT. OF HEALTH,
JULIE L. JONES, EVELYN D. GARST,
GLEN CORBIN, A. ACOSTA, MICHELLE
SCHOUEST, T. BOWDEN, E. PEREZ,
H. GEORGE, C. WOOD, W. MILLETTE,
J. DWANES, TIFANI S. KNOX, ROBERTS
OPC 4200,
    Defendant(s).

**JURY TRIAL DEMANDED**

FILED
2018 SEP 13 PM 12: 59
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

## 1983 CIVIL RIGHTS COMPLAINT

(I) Plaintiff's present place of confinement:    James King, #698823, Union Correctional Institution, P.O. Box 1000, Raiford, Florida 32083.

(II) Plaintiff has exhausted all available remedies that's required prior to pursuing this Civil Rights Action regarding conditions and events concerning his imprisonment pursuant to 42 U.S.C. §§1997 (E)(A), (see Exhibits "A" through "Z-35" attached), (and Z-36, Z-37, Z-38, Z-39 Attached)

(III) <u>PREVIOUS LAWSUITS</u>

A). Plaintiff has initiated other lawsuits in State Court relating to his imprisonment or the conditions thereof.

1

B). Plaintiff has initiated other lawsuits in Federal Court relating to his imprisonment or conditions thereof.

(C). (1). Parties to Previous Lawsuits:

Plaintiff: James King, #6988223

Defendant(s): Julie L. Jones, (Fla. Dept. of Corr. Secretary).

(2), Court: Second Judicial Circuit, Leon County, Florida.

(3). Docket Number: L.T. No: 2017-CA-000444

DCA No: 1D17-3539

(4). Name of Judge: Karen A. Gievers

(5). Defendant(s) arbitrarily denying Plaintiff Procedural Due Process and violating Plaintiff's State created liberty interest rights.

(6). Disposition: Dismissed in the trial court but still pending in the 1st DCA on Appeal.

(7). Approximate filing date: February 28, 2017.

(8). Approximate disposition date; Still pending.


Parties To Second Previous Lawsuit in State Court:

1). Plaintiff: James King, #698823.

Defendant(s): Florida Department of Corrections

Florida Attorney General Office

2

2). Court:  Second Judicial Circuit, Leon County, Florida.

3). Docket Number: 2018-CA-000500.

4). Name of Judge: Karen A. Gievers.

5). Defendant(s) arbitrarily denying Plaintiff Procedural Due Process, violating Plaintiff's clearly established State created liberty and property Interest Rights and participating in fraudulent criminal activity.

6). Disposition:  Still pending.

7). Approximate filing date:   March 5, 2018.

8). Approximate disposition date;  Still pending.


### Parties to Third Previous Lawsuit in Federal Court.

1). Plaintiff: James King, #698823.

   Defendant(s):   Charles Jefferson, Richard J. Andrews, Tifani S. Knox, S. Androlevich, T.D. Andrson, Yvonne Holmes, Julie L. Jones, Kenneth S. Steely, T. Bowden, W. Millette, M.L. Willforth.

2). Court:  Middle District, Jacksonville, Division.

3). Docket Number:  Unknown at this time.

4). Name of Judge:  Unknown at this time.

5). Defendant(s) arbitrarily denying Plaintiff Procedural Due Process, violating Plaintiff's clearly established State created liberty interest rights and maliciously

participating in fraudulent criminal activity.

6). Disposition: Still pending.

7). Approximate filing date: _____

8). Approximate disposition date: Still pending.

    (A) Plaintiff has not initiated any lawsuits nor appeals from lawsuits in the Federal Courts that have been dismissed as frivolous, malicious, nor for a failure to state a claim upon which relief may be granted.


(IV). At all times material to this Civil Right Complaint, Plaintiff, James King, #698823, was a Florida State Prisoner under the care and control of the Defendants.

    (B). At all times material to this action, Defendant, Centurion of Florida, LLC was employed by the Florida Department of Corrections Secretary as a contracted Prison Health Care Service Provider, whose duties which included but not limited to providing health care service to Florida Department of Corrections prisoners pursuant the Florida Administrative Code (F.A.C.); Fla. Stat. §381.026; Florida Patient's Bill of Rights and Responsibilities; and the United States Constitution. Defendant mailing address is Centurion of Florida, LLC, Paddock Park, Professional Center, Building 700, Ste. 701, 3200 S.W., 34th Ave., Ocala, Florida 34474.

(C). At all times material to this action, Defendant, Florida Department of Health was employed by the State of Florida as a Public Administration, whose duties which included but not limited to investigating complaints, and reports involving health care practitioners and enforces appropriate Florida statutes, whom have the power to discipline pursuant to Fla. Stat. §381.026 and the F.A.C. Defendant's mailing address is Florida Department of Health, 4052 Bald Cypress Way, Bin C-75, Tallahassee, Florida 32399-3275.

(D). At all times material to this action, Defendant, Julie L., Jones, was employed by the State of Florida as Secretary for the Florida Department of Corrections, whose duties included but not limited to ensuring, enforcing, and executing all duties and responsibilities assigned to the Department of Corrections and it's employees pursuant to Section 20.05 and 20.315 Fla. Stat.  Defendant's mailing address is: Florida Department of Corrections Central Office, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.

(E). At all times material to this action, Defendant, Evelyn D. Garst was employed by the Florida Department of Corrections as a ADA Coordinator in Central Office, whose duties which included but not limited to ensuring that all prisoners whom are approved ADA inmates are receiving equal effective access to auxiliary aids, program services and other activities under Title I and II of the ADA Section 504 of the 1973 Rehabilitation Act pursuant to F.A.C. Chapter 33-

210.201. Defendant's Mailing address is: Florida Department of Corrections, (Fla. Dept. of Corr.) Central Office, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.

(F). At all times material to this action, Defendant, Glen Corbin was employed by the Florida Dept. of Corr. as a Assistant ADA Coordinator in Central Office, whose duties which included but not limited to ensuring that all prisoners whom are approved ADA inmates are receiving Equal Effective Access to auxiliary aids, program services and other activities under Title I and Title II of the ADA Section 504 of the 1973 Rehabilitation Act pursuant to F.A.C. Chapter 33-210.201. Defendant's mailing address is:  Florida Dept. of Corrections, Central Office, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.

(G). At all times material to this action, Defendant, A. Acosta, M.D. was employed by Centurion of Florida LLC, whose duties which included but not limited to making final clinical judgment on medical issues concerning prisoners assigned to Wakulla Annex / C.I. as Chief Health Officer pursuant to F.A.C. Chapter 33, Chapter 458 and / or 459 Fla. Stat., and Fla. Stat. §381.026, and the United States Constitution (U.S.C.), Defendant's mailing address is: Wakulla Correctional Institution Annex, 110 Melaleuca Drive, Crawfordville, Florida 32327.

(H). At all times material to this action, Defendant, Michelle Schouest was

employed by the Fla. Dept. of Corr. as a Central Office Reviewing Authority for the Bureau of Inmate Grievance Appeal whose duties which included but not limited to reviewing inmate's grievance appeals to the Office of the Secretary to provide inmate's with administrative settlement and / or corrective actions of a grievance of medical nature per F.A.C. Chapter 33 and Chapter 458 and 459 Fla. Stat. and Fla. Stat. §381.026 and the U.S.C.  Defendant's mailing address is; Fla. Dept. of Corr. Central Office, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.

(I). at all times material to this action Defendant, T. Bowden, was employed by the Fla. Dept. of Corr. as a Central Office Reviewing Authority for the Bureau of Inmate Grievance Appeal whose duties which included but not limited to reviewing Inmates grievance Appeals to the Office of the Secretary to provide inmates with administrative settlement and / or corrective actins of a grievance of medical nature per F.A.C.  Chapter 33; Chapter 458 and 459 Fla. Stat; Fla. Stat. §381.026 and the U.S.C.  Defendant's mailing address is Fla. Dept. of Corr. Central Office, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.

(J). At all times material to this action Defendant, E. Perez, M.D. was employed by Centurion of Florida, LLC, whose duties which included but not limited to making final Clinical Judgment on Medical Issues concerning prisoners assigned to Union Correctional Institution (Union C.I.) as Chief Health Officer

7

pursuant to F.A.C. Chapter 33; Chapter 458 and 459 Fla. Stat.; Fla. Stat. §381.026 and the U.S.C. Defendant's mailing address is Union C. I., P.O. Box 1000, Raiford, Florida 32083.

(K). At all times material to this action Defendant, H. George was employed by Centurion of Florida, LLC whose duties which included but not limited to making final Clinical Judgment on Medical Issues concerning prisoners assigned to Columbia Correctional Institution (Columbia C.I.) as Chief Health Officer pursuant to F.A.C. Chapter 33; Chapter 458 and 459 Fla. Stat.; Fla. Stat. §381.026 and the U.S.C. Defendant's mailing address is: Columbia C. I. , 216 S. E. Corrections Way, Lake City, Florida 32025.

(L). At all times material to this action, Defendant, W. Millette was employed by the Fla. Dept. of Corrections as a Central Office Reviewing Authority for the Bureau of Inmate Grievance Appeal, whose duties which included but not limited to reviewing inmates grievance appeals to the Office of the Secretary to provide inmates with administrative settlement and / or corrective actions of a grievance of a medical nature pursuant to F.A.C. Chapter 33; Chapter 458 and 459 Fla. Stat.; Fla. Stat. §381.026; and the U.S.C. Defendant's mailing address is: Fla. Dept. of Corr. Central Office, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.

(M). At all times material to this action, Defendant, Tifani S. Knox, was

8

employed by the Fla. Dept. of Corr. as Assistant Warden over Programs at Union C.I. whose duties which included but not limited to Co-ordinating / Processing inmates ADA Accommodation request pursuant to F.A.C.  Chapter 33-210.201. Defendant's mailing address is:  Union C. I.,  P.O. Box 1000, Raiford, Florida 32083.

(N). At all times material to this action Defendant, C. Wood was employed by Centurion of Florida, LLC. As a ADA Intake Officer whose duties which included but not limited to Approving or Disapproving Inmates ADA Accommodation request pursuant to F.A.C.   Chapter 33-210-201(3)(d)(1)(2). Defendant's mailing address is: Union C. I., P. O. Box 1000, Raiford, Florida 32083.

(0). At all times material to this action Defendant, J. Dwanes was employed by Centurion and / or Fla. Dept. of Corrections as a Health Service personnel whose duties which included but not limited to giving F.D.O.C. prisoners HIV Health Care pursuant to F.A.C. and pursuant to Fla. Stat. §381.026.  Defendant's mailing address is:  Union Corr. Institution, P.O. Box 1000, Raiford, Florida 32083.

(P). At all times material to this action Defendant, Roberts OPC  4200 was employed by Centurion of Florida, LLC as a Optometrist Consultant, whose duties which included but not limited to providing Medical Eye Care for prisoners at

Columbia C.I. pursuant to F.A.C. Chapter 33; Chapter 458 and 459 Fla. Stat.; Fla. Stat. §381.026 and the U.S.C. Defendant's mailing address is: Columbia C. I., 216 S.E. Correctional Way, Lake City, Florida 32025.

### (V). <u>STATEMENT OF CLAIM</u>

This is a Civil Rights Complaint filed by Plaintiff, James King, #698823, pro se, who's a Florida State Prisoner seeking compensatory and / or punitive damages relief under 42 U.S.C. §1983. Plaintiff claims that Defendant's refuse to abide by their own rules, policies, directives, Law of the State of Florida, the United States Constitution and maliciously participating in fraudulent and embezzling criminal activities by exploiting their own policies and directives to their own ends. Specifically embezzling Plaintiff (other prisoners as well) out of a $5.00 Medical Co-payment on a week or monthly basis for ongoing chronic medical conditions. Thus, denying Plaintiff Medical Care once prescribed, denying Plaintiff proper Medical Care, denying Plaintiff Procedural Due Process, denying Plaintiff ADA Services, denying Plaintiff Equal Protection of the Laws of Florida, and subjecting Plaintiff to cruel and unusual punishment. Therefore, violating Plaintiff's 8th and 14th Amendment Rights to the United States Constitution. Thus, Plaintiff sues each Defendant in their official and / or individual capacities for their

malicious acts and reckless indifference toward Plaintiff's constitutional rights.

## VI. <u>STATEMENT OF FACTS</u>

1). Plaintiff alleges that the Florida Department of Corrections (FDOC) has a policy of outsourcing it's healthcare responsibilities to private contractors to save money on inmates healthcare cost due to lawmakers not fully funding the FDOC's budget hole, which is running approximately $80 Million dollars in the red, pursuant to this Policy the FDOC entered into a contract with Centurion of Florida, LLC in 2016 knowing that Centurion had a policy and / or custom of directing or incentivizing it's healthcare employee's to exploit the Florida Administrative Code (F.A.C.) and denying non-emergency healthcare in order to contain cost and maximize it's profitability, which is causing an unacceptable decline in the quality of medical care provided to prisoners or in Plaintiff's case denial of treatment once prescribed due to cost concerning a non-emergency medical disability issue. Plaintiff also alleges that Defendant, Julie L. Jones knows of and condone or encourages the custom of the FDOC's healthcare employee's and the employee's of the contractor to deny non-emergency necessary medical care for prisoners serious medical needs in order to reduce cost and / or increase profits in deliberate indifference to the serious medical needs of prisoners by creating such policies as F.A.C. Chapter 33-403.006(3)(d) that's enshrined in an ongoing process for

11

prisoners to seek proper medical care for the same non-emergency medical complaints by repeated initiations of the sick-call process before he is referred to the clinician, in essence embezzling prisoners out of repeated $5.00 medical co-payments, if not clearly denying prisoners non-emergency health care.

Defendant, Centurion of Florida has a policy and / or custom of not providing prescribed medical treatment that's non-emergency until it's approved due to increase cost. Plaintiff asserts that these policies and customs of the FDOC and Centurion are the driving force behind their deliberate indifference to the optometrist prescribed treatment for the ADA medically necessary contact lenses on three (3) separate occasions, and denial of necessary medical treatment once prescribed with a reckless disregard toward Plaintiff's Constitutional rights. Thus, causing Plaintiff severe pain, (headaches, stomach pain from throwing up) escalating visual acuity complications, months without being able to see objects two feet in front of Plaintiff clearly without the ADA medically necessary contact lenses, living with the threat of future injury because Plaintiff couldn't see warning signs, steps etc., months without contact cleaning solutions with the threat of eye infection and the threat of blindness due to the continued use of old contact lenses because defendant's denial or delay due to cutting budget cost.

Defendant's Centurion of Florida and Julie L. Jones above acts were done with evil intent and a reckless indifference towards Plaintiff's medical needs once

12

prescribed mandating treatment by denying said treatment to cut cost clearly violated Plaintiff's well established Constitutional Rights secured to the Plaintiff under the 8th and 14th Amendments, (see Exhibit's A through Z-35 attached).

2). Defendant, Florida Department of Health (FDOH) is a Sister Florida Administrative Agency to the Florida Department of Corrections whom entered into a contract with the Florida Department of Corrections and / or with Centurion of Florida to provide medical services for HIV infected prisoners in the department with the knowledge of Defendant's Julie L. Jones and Centurion of Florida policies and customs of directing or incentivizing it's healthcare employee's of denying prisoners non-emergency healthcare and embezzling prisoners out of $5.00 medical co-payments in order to contain cost and maximize profitability. Further, the Florida Department of Health who's responsibilities were to investigate complaints and reports involving health care practitioners and enforce appropriate Florida statutes to provide health care to prisoners actually condoned or encouraged the unconstitutional acts by themselves exploiting the F.A.C. by partially treating the HIV prisoner thus forcing the prisoner to initiate more repeative sick-calls for proper treatment for the Chronic HIV disability and not taking corrective action against Defendant's when Plaintiff brought said constitutional violations, and fraudulent criminal activity concerning medical employees falsifying Plaintiff and other prisoners medical records to conceal their

13

denial of non-emergency medical treatment due to budget cost and to conceal their collaborated actions against Plaintiff's complaints concerning the violations, denying Plaintiff proper medical treatment, treatment once prescribed, and equal protection of the Florida Laws in violation of the F.A.C. and Fla. Stat. §831.026 which is secured to Plaintiff under the 8th and 14th Amendment of the U.S.C., (see Exhibits A through Z-35 attached).

### CLAIMS GIVING RISE TO THE DENIAL OF PLAINTIFF'S PRESCRIBED ADA MEDICAL NECESSARY CONTACT LENSES; DENIAL OF OPTOMETRIST PRESCRIBED FOLLOW-UP TREATMENT AND DENIAL OF ADA SERVICES.

1). In 1996 Plaintiff was evaluated by the department's Chief Optometrist Specialist (consultant) at the Fla. Dept. of Corrt. Main Medical Center (R.M.C.) and was diagnosed with numerous visual acuity complications, Plaintiff was also determined to be legally blind without the ADA medically necessary contact lenses and was declared a ADA inmate. In 2009 Plaintiff was again approved to be a ADA inmate in the need of an additional auxiliary aid (ADA Key Lock) due to Plaintiff's visual acuity complications, (see Exhibit A attached). For approximately twenty (20) years in the Department Plaintiff have been evaluated and diagnosed

14

by approximately forty (40) different Optometrist Specialist for the department that prescribed Plaintiff's ADA medical necessary contact lenses and two (2) months follow-up evaluations until 2016 when Centurion took over health services for the FDOC, (see Exhibits A through Z-35).

In about June, 2016 the attending Optometrist prescribed Plaintiff the ADA medically necessary contact lenses and a follow-up evaluation in two (2) months. Defendant's never provided Plaintiff the ADA medically necessary contact lenses nor the medically provided follow-up evaluations in two (2) months.

For approximately a year plaintiff was denied the prescribed ADA medically necessary contact lenses and follow-up evaluations. The whole year Plaintiff was evaluated at numerous sick-calls for the already prescribed chronic disability and Plaintiff filed numerous complaints concerning the denial of ADA treatment once prescribed to no avail.

On or about June 22, 2017 Plaintiff was evaluated by the Optometrist whom again prescribed Plaintiff's the ADA medically necessary contact lenses with a two (2) month follow-up evaluation due to the long period without proper visual eye care (over a year). ● once again Defendant's denied Plaintiff the prescribed medical treatment. Once again Plaintiff started filing medical complaints, and signing up for sick-calls because he couldn't see and was in physical danger without the ADA medically prescribed necessary contact lenses.

15

On or about July 12, 2017 Defendant A. Costa maliciously collaborated with her employer in an attempt to deny Plaintiff future ADA medically necessary contact lenses by influencing the Optometrist at Plaintiff's next schedule evaluation to issue Plaintiff cheaper regular eye glasses as proper treatment due to Centurion denial for medically necessary contact lenses due to budget cost.

On or about September 7, 2017 Plaintiff was evaluated by Defendant Roberts OPC 4200 whom acted on Defendant's Centurion and A. Acosta influence an denied Plaintiff the ADA Medically necessary contact lenses, contrary to twenty-two (22) years of diagnosis and treatment for Plaintiff's disability. Defendant Roberts even acknowledge herself that Plaintiff met the requirements for ADA medically necessary contact lenses but still refuse to prescribe proper treatment for Plaintiff's disability and maliciously prescribed Plaintiff a pair of bifocals instead, due to budget cost, denying Plaintiff proper medical treatment and violating Plaintiff's 8th and 14th Amendments Constitutional rights.

On or about October 27, 2017 Plaintiff received the prescribed bifocals that Defendant, Robert's prescribed. Plaintiff attempted to wear the bifocals because he couldn't see. When Plaintiff placed the bifocals on these are the immediate symptoms that Plaintiff experienced:

A). Very bleary vision with a rainbow colored halo around each object Plaintiff was seeing.

16

B). Plaintiff became very nauseated and vomited.

C). Plaintiff's body temperature even started to rise and Plaintiff balance was even effected for approximately twenty to thirty minutes after Plaintiff removed the bifocals.

On or about March 16, 2017, April 2, 2012, August 11, 2017, October 29, 2017 Plaintiff filed complaints concerning the denial of proper medical care and denial of medical treatment once prescribed but Defendant's Michelle Schouest, T. Bowden, H. George, A. Acosta, and Centurion predictably already not known for originality continued their maliciously denial of proper medical treatment once prescribed by responding to the Plaintiff's appeals issuing the boilerplate response preprogrammed into the memory of a typewriter, ignoring the Constitutional issues raised by the Plaintiff to enhance profitability further for non-emergency medical issues, denying Plaintiff any form of administrative settlement or relief violating Plaintiff's 8th and 14th Amendment Constitutional rights. (See Exhibits B, C, D, E, and F attached), and in direct violation of F.A.C. Chapter 33-103.001(1).

2). On or about November 8, 2017, November 9, 2017, November 13, 2017, November 14, 2017, November 16, 2017, November Plaintiff filed numerous complaints concerning the denial of proper treatment and Defendant's Michelle Schouest, T. Bowden, and H. George either continued to deny Plaintiff proper prescribed medical care, (Plaintiff still hadn't received the prescribed two (2)

17

month follow-up evaluation that Defendant Roberts had ordered when she prescribed the bifocals), and / or gave Plaintiff fraudulent information that said ADA medically necessary contact lenses were ordered, denying Plaintiff Medical treatment once prescribed and violating Plaintiff's 8th and 14th Amendment Constitutional rights. (See, Exhibits G, H, I, J, and K attached), and in direct violation of F.A.C. Chapter 33-103.001(1).

3). On or about November 27, 2017 Plaintiff filed a Notice of Intent to sue to Defendant, Julie L. Jones, seeking administrative settlement and proper medical treatment and ADA services for Plaintiff's disability to no avail, denying Plaintiff proper medical treatment, medical treatment once prescribed, and ADA services of the department and violating Plaintiff's 8th and 14th Amendment Constitutional Rights. (See Exhibit L attached), and in direct violation of F.A.C. Chapter 33-103.001)(1).

4). On or about November 29, 2017, December 11, 2017; October 25, 2017; December 18, 2017; December 21, 2017; April 10, 2018; April 16, 2018; April 19, 2018; Plaintiff filed more complaints concerning the denial of proper medical treatment, medical treatment once prescribed and ADA services of the Department. Defendant's Michelle Schouest, T. Bowden, Evelyn D. Garst, H. George, E. Perez, C. Wood and W. Millette maliciously denied Plaintiff's appeals for administrative settlement or any form of relief, denying Plaintiff proper medical treatment,

medical treatment once prescribed and ADA service for the department, and violating Plaintiff's 8th and 14th Amendment Constitutional rights, (see Exhibits M, N, O, P, Q, R, S, T, and U attached), and in direct violation of F.A.C.  Chapter 33-103.001(1).

5). On or about May 6, 2018; December 13, 2017; May 31, 2018; June 6, 2018; June 19, 2018; June 26, 2018; January 7, 2018; Plaintiff filed more complaints concerning the denial of proper medical treatment, medical treatment once prescribed, denial of ADA services and Defendant's maliciously issuing Plaintiff contact lenses, on January 4, 2018 that were the wrong prescription and the wrong brand causing Plaintiff further visual acuity complications as well as constant headaches. Defendant's Glen Corbin, E. Perez, Tifani S. Knox, and Evelyn D. Garst continued their pattern of collaboration and denial of administrative settlement or relief, denying Plaintiff proper medical treatment, medical treatment once prescribed and the Department's ADA services and violating Plaintiff's 8th and 14th Amendment Constitutional Rights. (See Exhibit's V, X, Y, Z, Z-1, Z-2, Z-3, and Z-4 attached), and in direct violation of F.A.C. Chapter 33-103.001 (1).

6). On or about January 9, 2018 Plaintiff submitted a ADA request seeking to clarify his ADA services pursuant to F.A.C.  Chapter 33-210.201. Astonishingly, Defendant Tifani S. Knox maliciously denied Plaintiff's ADA

services request without a medical evaluation nor is Defendant T. Knox a medical personnel contrary to F.A.C.   Chapter 33-210.201(3), denying Plaintiff proper medical treatment and ADA services by a none-medical personnel and violating Plaintiff's 8th and 14th Amendment Constitutional rights. (See Exhibits Z-5, Z-6, Z-7, attached), and in direct violation of F.A.C.  Chapter 33-103.001 (1).

7). On or about December 23, 2017; December 30, 2017; January 17, 2018; July 2, 2018; July 29, 2018; Plaintiff submitted sick-call request, complaints, etc. seeking the already approved ADA services but Defendant E. Perez maliciously denied Plaintiff even this last bit of ADA services, denying Plaintiff medical treatments once prescribed and ADA services of the Department contrary to the F.A.C.   Chapter 33-210.201 and violating Plaintiff's 8th and 14th Amendment Constitutional Rights, (see Exhibits Z-8, Z-9, Z-10, Z-11 and Z-12 attached), and in direct violation of F.A.C.  Chapter 33-103.001 (1).

(8), An August 29, 2018 Defendant, Roberts DPC 4200 once again evaluated Plaintiff after approximately another year of the Plaintiff filing complaints and numerous sick-call initiations for the Plaintiff's chronic disability. Defendant, Robert's diagnoses this time after a year was that Plaintiff's escalating visual acuity complications (eye-sight etc.) were getting better after (22) twenty-two years, which is a clear attempt to collaborate with her employer ████████ (Governor of Florida) wishes by maliciously falsifying Plaintiff visual diagnoses in order to discontinue Plaintiff's need for the medically necessary contact lenses in the near future

20

essary Contact Lenses in the near future to contain cost and maximize their profitability for Plaintiff's non-emergency disability, for Plaintiff's visual acuity complications to have escalated over a period of (53) fifty three years to suddenly improved without proper eye care or surgery would stretch credulity even for a layman past the point of imagination.

Most "Astonishingly" of Defendant's, Roberts August 29, 2018 prescribed treatment was Ms. Roberts prescribed Plaintiff another pair of bifocals that she prescribed on September 7, 2017 that cause Plaintiff to vomit, dizziness, halo around objects, unbalance etc, clearly subjecting Plaintiff to more cruel and unusual punishment in direct violation of Plaintiff's 8th and 14th Amendment Constitutional Rights. Defendant, Roberts also instructed Plaintiff not to follow the instructions on the prescribed contact cleaning solution but use a lesser amount of cleaning solution so that the 17 FL OZ bottle will last Plaintiff a whole month using it every day/night in order to cut budget cost. Therefore, subjecting Plaintiff to the possibility of an eye infection or blindness.

(9). On or about 9/5/18 Plaintiff was informed that Defendant, B. Perez was dismissed (fired) due to his fraudulent behavior and denial of medical treatment to prisoners with non-emergency medical issues.

(20-A)

## <u>CLAIMS GIVING RISE TO THE DENIAL OF FULL H.I.V. MEDICAL TREATMENT, DEFENDANT'S COLLABORATED FRAUDULENT CRIMINAL ACTIVITY, AND DEFENDANT'S ARBITRARILY EMBEZZLING PLAINTIFF AND OTHER PRISONERS REPEATEDLY OUT OF A $5.00 MEDICAL CO-PAYMENT IN ORDER TO RECEIVE PROPER HEALTH CARE.</u>

(1) On or about November 22, 2017 Defendants maliciously falsified Plaintiff's medical records by claiming that Plaintiff was evaluated at sick-call on November 22, 2017 when Plaintiff's security records and the Departments own audio and video camera's clearly reflected that Plaintiff was never taken out of his confinement cell at all on November 22, 2017. Defendant's fraudulent criminal activity was in direct violation of F.A.C. Chapter 33-208.002 (12) and Fla. Stat. §839.13, and Fla. Stat. §831.01. Defendant's malicious actions of denying Plaintiff proper medical treatment on November 22, 2017 when Plaintiff had an untreated infection for approximately a month that was escalating and then maliciously falsifying Plaintiff's medical records claiming Plaintiff was evaluated on November 22, 2017 when in actuality Plaintiff was not evaluated clearly denied

21

Plaintiff proper medical treatment for a life threatening medical issue and violating Plaintiff's 8th and 14th Amendment Constitutional Rights. Defendant's H. George, Michelle Schouest, T. Bowden and W. Millette denying Plaintiff's appeals concerning this matter was in direct violation of F.A.C. Chapter 33-103.001(1), violating Plaintiff's 8th and 14th Amendment Constitutional Rights (see Exhibit Z-13, Z-20 and Z-29 attached).

(2). On or about December 23, 2017 and December 30, 2017 Plaintiff signed up for sick-calls per F.A.C. Chapter 33-403.006. Defendant's maliciously refused to evaluate the Plaintiff for his medical complaints and threw away Plaintiff's sick-call request.

On or about January 29, 2018, February 16, 2018, April 23, 2018 Defendant's E. Perez, Tifani S. Knox (T. Knox), Michelle Schouest and T. Bowden arbitrarily denied Plaintiff's Appeals concerning this fraudulent criminal activity even when the Department's own Audio and Video camera's was validating Plaintiff's claims of submitting sick-call request on December 23, 2017 and December 30, 2017 to the U-Dorm Unit Nurse, not to mention Plaintiff's personal copy of the submitted sick-call request. Defendant's actions of showing deliberate indifference toward Plaintiff's medical needs and constitutional rights violated F.A.C. Chapter 33-103.001(1) and F.A.C. Chapter 33-208.002(12) and Fla. Stat. §839.13, violating Plaintiff's 8th and 14th Amendment Constitutional

22

Rights, (see Exhibits Z-18, Z-19, and Z-20 attached).

(3). For the months of December, January, February, March, April, May, June, 2018 Plaintiff was evaluated by, the Florida Department of Health, Doctor (J. Dwanes) for treating Plaintiff's Chronic H.I.V. disability. There is a component in all the H.I.V. medications that causes the Plaintiff an allergy (skin irritation). Plaintiff have been receiving treatment for his allergy to the H.I.V. medications for approximately twenty (20) years, (Orthopedic skin creams, Bentyl  etc.) Starting December, 2017 the on-site Fla. Dept. of Health Doctor collaborated with Centurion Doctor to deny Plaintiff full H.I.V. care and embezzle Plaintiff out of repeatedly $5.00 Medical co-payments with the following actions. The Fla. Dept. of Health Doctor (DOH) would prescribe Plaintiff the medically necessary H.I.V. medications but only recommend the H.I.V. treatment for the allergy to the H.I.V. medications, (Plaintiff never receives the recommended treatment).

Therefore, Plaintiff must initiate above enshrine sick-call procedure ($5.00 Medical co-payment) to receive the proper H.I.V. allergy treatment which is only recommended once the Centurion Medical Doctor (Defendant E. Perez) makes an evaluation he prescribe the H.I.V. allergy treatment for only thirty (30) days to further exploit Plaintiff out of more $5.00 Medical co-payments in order to continue to receive proper Medical treatment for the H.I.V.  allergy treatment by forcing Plaintiff to initiate the enshrined F.A.C.  Chapter 33-403.006(3)(d) every

23

thirty days.

Defendant's malicious actions clearly denies Plaintiff proper medical care, embezzles Plaintiff out of $5.00 Medical co-payments in order to receive proper treatment, (other H.I.V. prisoners are being treated the same way which creates Defendant's with a substantial profitable budget cut) and showing deliberate indifference towards Plaintiff's Medical needs and constitutional rights in direct violation of F.A.C.  Chapter 33-403.006 and Fla. Stat. §381.026. Defendant's E. Perez, Tifani S. Knox, Michelle Schouest, T. Bowden, Fla. Dept. of Health C. Wood, actions and the denial of plaintiff appeals were in direct violation of F.A.C. Chapter 33-103.001(1) and violated Plaintiff's 8th and 14th Amendment Constitutional Rights. (See Exhibits Z-14, Z-15, Z-16, Z-17, Z-21, Z-22, Z-23, Z-24, Z-25, Z-26, Z-27, Z-28, Z-29, Z-30, Z-31, Z-32, and Z-33 attached).

(4). On or about July 5, 2018 and July 18, 2018 Plaintiff filed Notices of Intent to Sue to Defendant's Centurion of Florida, LLC and the Florida Department of Health due to all the above said claims of Plaintiff seeking corrective actions and / or some form of relief to no avail. Defendants actions of deliberate indifference towards Plaintiff's Medical needs and Constitutional Rights clearly violated Fla. Stat. §381.026, F.A.C. , and Plaintiff's 8th and 14th Amendment Constitutional Rights, (see Exhibits Z-34 and Z-35 attached).

(5). On or about May 21, 2018, May 30, 2018,m June 6, 2018, July 4, 2018

24

and July 18, 2018 Plaintiff filed numerous complaints concerning his left knee giving out on Plaintiff suddenly due to two major operations (Plaintiff has numerous metal in left knee and leg) which is causing Plaintiff further injuries from falling. Plaintiff was evaluated by Defendant E. Perez on or about June 6, 2018 and July 11, 2018 concerning the knee injury and Defendant E. Perez who's not an Orthopedic Doctor maliciously refused to issue Plaintiff any form of support for the left knee to keep Plaintiff from falling due to the knee suddenly giving out on Plaintiff nor would Defendant E. Perez refer Plaintiff to the Orthopedic Doctor to receive proper medical treatment for the injured left knee, nor replace Plaintiff's knee brace that security personnel had lost, in direct violation of the F.A.C., denying Plaintiff's proper medical treatment for a non-emergency medical issue and subjecting Plaintiff to future injuries in violation of Plaintiff's 8th and 14th Amendment Constitutional rights, (see Exhibits Z-31, Z-32, Z-36, Z-37, Z-38 and Z-39 attached).

## **RELIEF SOUGHT**

Wherefore Plaintiff respectfully request that this Honorable Court grant the following relief:

A). Issue a Declaratory Judgment stating that:

1). Defendants, Evelyn D. Garst, Glen Corbin, A. Acosta, E. Perez, H. George, C. Wood, J. Owanes, Tifani S. Knox, and Roberts OPC 4200

maliciously denial of proper medical treatment, medical treatment once prescribed, denial of the Departments ADA services and collaborating in criminal fraudulent activity clearly violated the Plaintiff's rights under the 8th and 14th Amendments to the United States Constitution.

2). Defendant's Michelle Schouest, T. Bowden, W. Millette, Tifani S. Knox, Evelyn D. Garst, and Glenn Corbin acts and omissions of condoning their subordinates total disregard toward their own F.A.C.; Florida Laws; United States Constitution; Deliberate Indifference towards Plaintiff's Medical needs; and their arbitrarily and discriminatorily denial of Plaintiff's procedural due process rights while in their supervisory and / or reviewing authoritative positions clearly violated Plaintiff's rights under the 8th and 14th Amendments to the United States Constitution.

3). Defendants, Centurion of Florida, Florida Department of Health, and Julie L. Jones actins of showing deliberate indifference toward Plaintiff's Medical needs, acts and omissions of condoning their subordinates total disregard toward their own F.A.C.; Florida Laws; United States Constitution and failing to provide adequate medical care for the Plaintiff due to Defendant's customs and / or policies to deny prisoners non-emergency health care in order to contain cost and maximize their profitability clearly violated and continue to violate the Plaintiff's rights under the 8th and 14th Amendment to the United States Constitution.

(B). Issue an injunction ordering Defendants, Centurion of Florida and Julie L. Jones to immediately have Plaintiff evaluated by an Optometrist and prescribed the proper ADA medically necessary contact lenses for Plaintiff's visual acuity disability and for any other necessary visual acuity treatment that may be necessary to correct or assist Plaintiff with his ADA disability, and any other follow-up treatment that may be necessary in the future.

(C). Award Compensatory and / or Punitive damages in the following amounts:

1). That Defendants, E. Perez, H. George, C. Wood, J. Owanes, Tifani S. Knox and Roberts OPC 4200 in their official and / or individual capacities to pay the Plaintiff compensatory and / or punitive damages in the amount of fifty thousand dollars ($50,000.00) each for their malicious denial of proper medical treatment, medical treatment once prescribed, embezzling and criminal fraudulent collaborating activities and their arbitrarily and discriminating denial of Plaintiff's procedural due process rights and the deliberate indifference towards Plaintiff's medical needs. Defendant's acts did cause Plaintiff psychological harm, personal humiliation, mental anguish, physical injuries resulting from their actins. The above mentioned act of the Defendant's were done with evil intent, maliciousness and reckless indifference toward the  Plaintiff in order to contain cost and maximize their profitability.

27

2). That Defendants, Evelyn D. Garst, Glen Corbin, A. Acosta, Michelle Schouest, T. Bowden, W. Millette, Florida Department of Health, and Julie L. Jones in their official and / or individual capacities to pay Plaintiff Twenty-five thousand dollars ($25,000.00) each for their acts and omissions of condoning their subordinates total disregard toward their own F.A.C.; Florida Laws; U.S.C.; deliberate indifference toward Plaintiff's medical needs and their arbitrarily and discriminatorily denial of Plaintiff's procedural due process rights while in their supervisory and / or reviewing authoritative positions. Defendant's acts did cause Plaintiff psychological harm, personal humiliation, mental anguish, physical injuries resulting from their denial of due process in connection with the Plaintiff's administrative appeals seeking administrative settlement.

3). That Defendant, Centurion of Florida in their official and / or individual capacities to pay Plaintiff Seventy-five Thousand Dollars ($75,000.00) for their acts and omissions of directing or incentivizing it's healthcare employees to exploit the F.A.C.; denying Plaintiff proper medical treatment; denying Plaintiff treatment once prescribed; embezzling Plaintiff repeatedly out of $5.00 Medical co-payments for on-going and / or chronic illnesses; and condoning its employees criminal fraudulent activities ~~activities~~ collaboratively in order to contain cost and maximize its profitability  concerning non-emergency medical issues and / or medical disabilities; showing deliberate indifference toward Plaintiff's medical

28

needs, denying Plaintiff procedural due process, Defendant's acts did cause Plaintiff psychological harm, personal humiliation, mental anguish, physical injuries, in connection with the reckless indifference to Plaintiff's complaints and specifically Plaintiff's Notice of Intent to Sue informing them of their employees malicious conduct over a period of two (2) years without proper medical treatment and total denial of medical treatment once prescribed. Defendant's acts were done with evil intent, maliciousness, and reckless indifference toward the Plaintiff with the desire to injure in order to contain cost and maximize its profitability concerning non-emergency medical issue and / or medical disabilities.

    4). Grant such other relief as it may appear that the Plaintiff is entitled.

Respectfully submitted,

/s/ _James King_ #698823

James King, #698823, Plaintiff
Union Correctional Institution
P.O. Box 1000
Raiford, Florida 32083

## UNNOTARIZED OATH OF AFFIRMATION

Under penalty of perjury, Plaintiff, James King, #698823, DECLARE that I

have read the foregoing 1983 Civil Rights Complaint and that the facts stated therein are true and correct and accordance with Fla. Stat.§92.525 (2008).

/s/ James K. #698823
James King, #698823, Plaintiff

## CERTIFICATE OF SERVICE

I, James King, #698823, CERTIFY that a true and correct copy of the foregoing has been furnished by first class U.S. Mail via the prison institutional mail system and in accordance with mailbox rule 'as redefined in Thompson v. State, 761 So. 2d 324 (Fla. 2000) to the Clerk of Court, U.S. District Court, 207 N.W. Second Street, Room 337, Ocala, Florida 34475-6666 on this 11th day of September, 2018.

/s/ James K. #698823
James King, #698823, Plaintiff
Union Correctional Institution
P.O. Box 1000
Raiford, Florida 32083

30